**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|   |   |   |
|---|---|---|
| In re: WATTS COORDINATED PRETRIAL PROCEEDINGS | ) ) ) ) ) ) ) ) | Master Docket Case No. 19 CV 1717<br><br>Judge Frank U. Valderrama<br><br>Magistrate Judge Maria Valdez |

### AGREED HIPAA AND MENTAL HEALTH PROTECTIVE ORDER

This matter having come on agreement by all parties for the Entry of Agreed HIPAA and Mental Health Protective Order, due notice hereof having been given, and the Court being fully advised in the premises and entry of the Agreed HIPAA and Mental Health Protective Order is GRANTED.

The Court finds good cause exists for the entry of the Agreed HIPAA and Mental Health Protective Order for Plaintiff's[1] medical, mental health information, and drug and alcohol treatment/rehabilitation information to prevent the unauthorized disclosures, control the receipt of, and direct the use of protected health information ("PHI") and mental health information during the course of this litigation.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI"), mental health information, and drug and alcohol treatment/rehabilitation information pertaining to Plaintiff as protected by HIPAA ("Health Insurance Portability and Accountability Act of 1996 codified primarily at 18, 26 and 42 USC (2002)), the Illinois Mental Health and Developmental Disabilities and Confidentiality Act (740 ILCS 110/1 et seq.), and drug and alcohol treatment/rehabilitation confidentiality statutes, 20 ILCS 301/30-5; 42 USC 290dd-2; and 42 CFR Part 2 to the extent and subject to the conditions outlined herein.

(2) For the purposes of this Agreed HIPAA and Mental Health Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 164.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

---

[1] "Plaintiff" as used in this Order shall refer to any Plaintiff whose name and case number appears in the attached Exhibit A.

(3) Mental health information shall have the same scope and definition as set forth in 740 ILCS 110/2. Without limiting the generality of the foregoing, mental health information includes, but is not limited to, information obtained from "mental health services", including "confidential communications," "personal notes" and "records", relating to either, (a) the past, present or future mental health condition of an individual, (b) the provision of care and treatment to an individual, or (c) the payment for care provided to an individual, which identifies the mental health services or which reasonably could be expected to identify the mental health services.

(4) Drug and alcohol treatment/rehabilitation information shall have the same scope and definition as set forth in 20 ILCS 301/1-1 et seq.; 42 USC §§ 290aa- 290ll; and 42 CFR §§ 2.1-2.67.

(5) Subject to the conditions set forth in paragraph seven, all "covered entities" (as defined by 45 CFR 160.103) and "record custodians" (as defined by 740 ILCS 110/2) are hereby authorized to disclose PHI, mental health information, and drug and alcohol treatment/rehabilitation information pertaining to Plaintiff, to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(6) The parties and their attorneys shall be permitted to use the protected health information, mental health information, and drug and alcohol treatment/rehabilitation information of Plaintiff, in any manner that is reasonably connected with the above-captioned litigation and for no other purpose. This includes disclosure to the parties, their attorneys of record, the attorneys' firm (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process. Prior to any such disclosure, counsel shall inform each recipient that the PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this litigation.

(7) Any subpoena for medical records, mental health information, and drug and alcohol treatment/rehabilitation information must be returnable to Plaintiff's counsel. Upon receipt by counsel for Plaintiff of responsive documentation, Plaintiff's counsel will have (7) seven days to conduct a review and provide Defense counsel with a log for any documents withheld. The log shall include the name and address of the provider, dates of treatment along with bates numbering, and page count for any documents withheld. The log will include the basis for any documents withheld. All documents not subject to any asserted privilege or other lawful basis to withhold shall be produced to Defense counsel no later than (7) seven days after receipt by Plaintiff's counsel.

(8) Any documents that contain PHI, mental health information, or drug and alcohol treatment/rehabilitation information obtained pursuant to this order shall be designated confidential subject to this Agreed HIPAA and Mental Health Protective Order and labeled "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Documents labeled and disclosed pursuant to this order shall be kept confidential (except as allowed by this order), stored to maintain their confidentiality, and not be disclosed in or attached to any publicly filed documents unless:

    a.    The PHI, mental health information, and drug and alcohol treatment/rehabilitation information has been redacted;
    b.    The Plaintiff has agreed to the filing of such document; or
    c.    The Court has ordered that the document can be publicly filed.

(9) Within 60 days of the conclusion of the litigation as to any Defendant (which shall be defined as the point at which final Orders disposing of the entire case as to any Defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendant), that Defendant and any person or entity no longer involved in the litigation who is in possession of PHI, mental health information or drug and alcohol treatment/rehabilitation information pertaining to Plaintiff, (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI, mental health information, and drug and alcohol treatment/rehabilitation information in their possession.

(10) This Order shall not control or limit the use of protected health information, mental health information, or drug and alcohol treatment/rehabilitation information pertaining to Plaintiff that comes into the possession of any party or any party's attorney from a source other than a "covered entity" (as that term is defined in 45 CFR 160.103) or from a "therapist" (as that term is defined in 740 ILCS 110/2).

(11) Nothing in this Order authorizes counsel to obtain medical records or mental health information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or through attorney-client communications.

(12) Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth or any other valid objection to discovery. Nothing in this order shall be deemed a waiver of any evidentiary objection.

(13) This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for the filing under seal if and when a party seeks to file Plaintiff's protected health information under seal.

Dated: June 3, 2025

_____
HONORABLE MARIA VALDEZ
United States Magistrate Judge